# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

ONICE TRAYLOR, *et al.*,

        Plaintiffs,

v.

KOHL'S DEPARTMENT STORE, *et al.*,

        Defendants.

2:09-cv-01073-HDM-LRL

**O R D E R**

     Before the court is the plaintiffs' Motion for Protection (#24) and Motion for Sanctions (#26).[1] Defendant filed Oppositions (##27, 28, respectively) to the motions. No replies were filed.

     This action arises out of an alleged injury incurred in defendant's department store. Though not entirely clear, the Motion for Protection (#24) appears to be directed toward a subpoena issued to plaintiffs' church, Trinity Life Center ("Trinity"), wherein defendants requested plaintiffs' tithing and attendance records. Mot. (#24) at 11. Plaintiffs argue that such information is private and confidential. *Id.* at 7. Plaintiffs further complain that the Trinity subpoena, and allegedly other subpoenas, were not served on plaintiffs' counsel, and therefore seek an order precluding defendant "from issuing any further subpoenas without the express approval of the Court and require that the defendant provide notice of each such subpoena to the plaintiffs, and an accounting of each subpoena previously issued." Mot. (##24, 26) at 11. Defendant asserts that the Trinity records are appropriate discovery to refute plaintiffs' claim that due to her alleged injury, she is unable to attend and participate in church as she used to. Opp'n (#27) at 8. Defendant further represents that notice of the subpoena was properly served on plaintiffs' counsel. *Id.* at 7; *id.* at Exh. E.

---

[1] The Motion for Protection (#24) and the Motion for Sanctions (#26) were filed together in one brief.

Plaintiffs' Motion for Protection (#24) must be denied.  Rule 26(c)(1) provides that a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." *See also* LR 26-7(b); Rule 37(a)(1).  Plaintiffs have not filed the required certification; nor does it appear from the record that the parties exchanged their views on the merits of their discovery dispute with specificity, such that they might resolve the issue(s) without court intervention before filing this motion.  *See Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993).  The court will not consider a discovery motion unless moving counsel has demonstrated under oath counsel's good faith and adequate efforts to first resolve the discovery dispute without court intervention.

The Motion for Sanctions (#26) also must be denied.  Motions must "be supported by a memorandum of points and authorities."  LR 7-2(a).  Here, plaintiffs have asserted many factual points but have not cited any legal authority in support of their request for sanctions.[2]  It is not the role of the court to guess at what a party requests.  *See* Rule 7(b)(1) (a motion must state with particularity the grounds for seeking the order; and state the relief sought).  In its opposition, defendant pointed out the vagueness of the motion for sanctions but responded to what it "presumed" plaintiffs thought to be a legal basis for the motion.  Plaintiffs did not file a reply to assert any legal arguments or otherwise cure the deficiencies in their motion.

For these reasons,

IT IS ORDERED that plaintiffs' Motion for Protection (#24) is DENIED.

IT IS FURTHER ORDERED that plaintiffs' Motion for Sanctions (#26) is DENIED.

DATED this 29th day of June, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiffs similarly failed to provide legal authority to support their request for a protective order regarding the church documents.

2