# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

ONICE TRAYLOR, *et al.*,   )
                          )
    Plaintiffs,      )
                          )   2:09-cv-01073-HDM-LRL
v.                        )
                          )   **O R D E R**
KOHL'S DEPARTMENT STORE, *et al.*,   )
                          )
    Defendants.     )
                          )

    Before the court is plaintiffs' Motion to Compel (#25). The court has considered the motion (#25) and defendants' Opposition (#35). No reply was filed.

    Plaintiffs in this personal injury action seek an order compelling defendant to respond to requests for production of documents. Plaintiffs propounded requests for production of documents for Onice Traylor, Jerry Traylor, and Jeremy Traylor. Defendant served responses to Onice Traylor's Request for Production of Documents on November 13, 2009; to Jerry Traylor's Request for Production of Documents on January 4, 2010; and to Jeremy Traylor's Request for Production of Documents on February 10, 2010. Discovery cut-off in this case was June 17, 2010. Order (#38).

    Plaintiffs' counsel, Jared Anderson ("Anderson"), attests that he sent letters requesting supplemental responses to discovery on January 15, 2010 and March 1, 2010;[1] that he telephoned defense counsel, Michael Federico ("Federico"), on March 22, 2010 and left a message to call back; and on March 24, 2010, sent two letters to Federico, demanding further response to the discovery. Mot. (#25) at 3. In one of the March 24 letters, Anderson requested a telephonic meet and confer on March

---

[1] The motion (#25) includes references to exhibit numbers for these letters, but the letters are not attached as exhibits to the motion.

26, 2010. *Id.* at Exh. 6. On March 26, 2010, Anderson called Federico's office and left a message asking counsel to call him back. *Id.* at 3. He also sent a letter that day asking for a return call "as these discovery matters have become pressing and I would like to resolve them as expeditiously as possible." *Id.* at Exh. 7. The instant Motion to Compel (#25) was filed on April 7, 2010. Defendant argues that the motion must be denied because there was no proper meet and confer conference and their objections were proper. Moreover, defendant represents that plaintiffs' counsel has received any and all documentation relating to this matter. Opp'n (#35) at *passim.*

Plaintiffs' motion must be denied because plaintiffs did not comply with the meet and confer requirements of LR 26-7(b) and Rule 37 before filing this motion. Prior to filing a motion to compel, counsel are required to present to each other the merits of their discovery dispute with specificity, such that they might resolve the issue(s) without court intervention. *See Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993). Here plaintiffs sent a few demand letters and left two phone messages to call back; none of this correspondence involved an exchange of positions or arguments regarding defendant's objections. Demand letters and messages alone do not fulfill the requirement. *See Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996). Nor is this a situation where plaintiffs faced a wall of silence from defendant such that a meet and confer was impossible. Federico represents that he did return Anderson's phone calls, but, unable to reach him, he too left messages. Opp'n (#35) at 4. Plaintiffs did not reply to defendants' Opposition. Hence, Federico's representations are unchallenged. The court will not consider a discovery motion unless moving counsel has demonstrated under oath counsel's good faith and adequate efforts to first resolve the discovery dispute without court intervention. More effort should have been made by counsel before involving the court in this matter.[2]

For these reasons,

---

[2] Notably, even were the court to address the motion (#25) on the merits, plaintiffs' motion suffers critical deficiencies. Plaintiffs do not adequately put forth arguments to individually refute defendant's objections, so as to inform the court why the information sought is relevant and why an individual objection is not justified. Nor did plaintiffs cite to any rule or other authority in support of the motion to compel. *See* LR 7-2.

1  IT IS ORDERED that defendants' Motion to Compel (#25) is DENIED.

2  DATED this 6th day of July, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**